OSCN Found Document:LAKE REGION ELECTRIC, et al. v. STATE, ex rel. OKLAHOMA CORP. COMMISSION, et al.

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 LAKE REGION ELECTRIC, et al. v. STATE, ex rel. OKLAHOMA CORP. COMMISSION, et al.2025 OK 78Case Number: 119054Decided: 10/28/2025THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2025 OK 78, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

In the matter of the APPLICATION OF LAKE REGION ELECTRIC COOPERATIVE, INC.
FOR AN ORDER ENJOINING OKLAHOMA GAS AND ELECTRIC COMPANY
FROM SERVING ELECTRIC-CONSUMING FACILITIES IN VIOLATION OF THE
RETAIL ELECTRIC SUPPLIER CERTIFIED TERRITORY ACT:
LAKE REGION ELECTRIC COOPERATIVE, Applicant/Appellant,
and
OKLAHOMA ASSOCIATION OF ELECTRIC COOPERATIVES, Intervenor/Appellant,
v.
STATE OF OKLAHOMA ex rel. OKLAHOMA CORPORATION COMMISSION, Appellee,
and
OKLAHOMA GAS & ELECTRIC COMPANY, Respondent/Appellee,
and
CHEROKEE NATION and CHEROKEE NATION ENTERPRISES, LLC, Intervenors/Appellees.

MEMORANDUM OPINION

COMBS, J.:

¶1 This is an appeal of a Final Order by the Oklahoma Corporation Commission sitting en banc issued August 18, 2020. Applicant/Appellant Lake Region Electric Cooperative (hereinafter "Lake Region") sought an order enjoining Respondent/Appellee Oklahoma Gas & Electric Company (hereinafter "OG&E") from serving electric-consuming facilities owned by Intervenors/Appellees Cherokee Nation and Cherokee Nation Enterprises, LLC. The basis for Lake Region's requested injunction was its allegation that OG&E's servicing of electricity at those facilities violated the Retail Electric Supplier Certified Territory Act (RESCTA), 17 O.S.2011, §§ 158.21See ROA at pp. 684--85, Doc. 98: Final Order 6--7, Aug. 18, 2020. We qualify that characterization as "seemingly agreed" because the Corporation Commission "recognized the similar issues raised in both this Cause and Cause No. PUD 201800075"--which was the matter on appeal in OG&E v. State ex rel. Okla. Corp. Comm'n (CKenergy I), 2023 OK 33535 P.3d 1218overruled prospectively by OG&E v. State ex rel. Okla. Corp. Comm'n (People's), 2025 OK 15565 P.3d 418Id. at p.685, Final Order 7. Nevertheless, the Corporation Commission found that the case "involve[d] equitable defenses not addressed in Cause No. PUD 201800075, and should be determined based upon [its] individual facts and circumstances." Id. In reaching those equitable issues, the Corporation Commission found that "laches is applicable as Lake Region neglected to seek a remedy in a timely fashion"; that "Lake Region's claim is barred by waiver"; and that "Lake Region is now estopped to claim it has exclusive rights to this service." Id. at pp. 687--88, Final Order 9--10. Thus, the Corporation Commission held that Lake Region's application for injunctive relief should be denied in light of the equitable defenses affirmatively pled and proved by OG&E. Id. at p.688, Final Order 10.

¶2 The issues raised on appeal concerned whether the Large-Load Exception to RESCTA permits OG&E to connect with third-party transmission lines to "extend" its retail electric service to a customer in Lake Region's certified territory and whether the equities were properly weighed. We retained this appeal in conjunction with our retention of the appeals filed in Case Nos. 118,857, 119,054, 119,083, 119,088, and 119,173 and our recall of assignment of the appeals in Case Nos. 117,896 and 117,902 to the Court of Civil Appeals, as all of these appeals involved issues arising under section 158.25(E) of RESCTA. This is the last of those appeals to be addressed. See CKenergy I, 2023 OK 33535 P.3d 1218overruled prospectively by People's, 2025 OK 15565 P.3d 418People's, 2025 OK 15565 P.3d 418OG&E v. Okla. Corp. Comm'n (CKenergy II), 2025 OK 43571 P.3d 729Okla. Elec. Coop. v. State ex rel. Okla. Corp. Comm'n, 2025 OK 60Oklahoma Electric Cooperative v. State ex rel. Oklahoma Corporation Commission, 2025 OK 60Oklahoma Electric Cooperative, we held RESCTA's Large-Load exception does not permit OG&E to connect with third-party transmission lines in order to extend its service into someone else's certified territory in accord with our prior decision in People's, 2025 OK 15565 P.3d 418People's holding has prospective-only application. 2025 OK 60Oklahoma Electric Cooperative insofar as it permitted OG&E to continue providing retail electric service. We now affirm the Final Order of the Corporation Commission en banc in this matter for the same reason.

FINAL ORDER OF THE OKLAHOMA CORPORATION
COMMISSION AFFIRMED

ROWE, C.J.; KUEHN, V.C.J.; and WINCHESTER, COMBS, DARBY, KANE, and JETT, JJ., concur.

EDMONDSON and GURICH, JJ., disqualified.

 

 

 
 
 
 
 
 
 
 
 
 The Oklahoma Supreme Court
 2100 N. Lincoln Blvd., Suite 1
 Oklahoma City, OK 73105